IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA R. CLENDENNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-cv-0475-MJR |
| | ) |
| WAL-MART STORES, INC., and | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM and ORDER

REAGAN, District Judge:

On May 29, 2007, Donna Clendenny filed suit in the Circuit Court of Madison County, Illinois against two Defendants: (1) her former employer, Wal-Mart Stores, Inc., and (2) Hartford Life Benefit Management Services.[1] Hartford had issued an insurance policy to Wal-Mart, under which certain benefits were provided to Wal-Mart employees.

On June 29, 2007, Wal-Mart timely removed the action to this United States District Court, with the written consent of coDefendant Hartford (see Doc. 2-3), invoking subject matter jurisdiction under the federal question statute (28 U.S.C. § 1331), since the employee benefits referred to in the complaint were provided under a group benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

---

[1] Later pleadings revealed that the correct name of the second Defendant is Hartford Life and Accident Insurance Company (*see, e.g.*, Doc. 2-1 at ¶ 6; Doc. 19 at p. 1), simply referred to as "Hartford" in this Order.

Counts 1, 2 and 3 of the complaint are directed against Wal-Mart. Count 4 is directed against Hartford. Clendenny alleges that Wal-Mart wrongfully terminated her employment, that Wal-Mart (after discharging Clendenny) failed to tender to her over 800 shares of stock due her (or its monetary equivalent), that Wal-Mart vexatiously refused to pay health insurance benefits "to and for" Clendenny, and that Hartford wrongfully refused to provide health insurance benefits to Clendenny.

On August 22, 2007, Hartford moved to dismiss all claims against it (contained in Count 4 of the complaint) under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Dismissal is warranted under that Rule if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *St. John's United Church of Christ v. City of Chicago*, – F.3d –, 2007 WL 2669403, * 7 (7th Cir. Sept. 13, 2007); *Pisciotta v. Old National Bancorp*, – F.3d –, 2007 WL 2389770 (7th Cir. Aug. 23, 2007).

In the case at bar, Hartford's dismissal motion, detailed supporting memorandum, and exhibits (including the group insurance policy in question, referred to as "the Plan") establish that Hartford's insurance contract with Wal-Mart was a disability insurance policy and did not involve any health insurance benefits. No

provision of the operative Plan committed Hartford to provide *health insurance* benefits to Wal-Mart employees. Count 4 of Clendenny's complaint (faulting Hartford for vexatiously refusing to provide "health insurance benefits") does not plausibly suggest that Clendenny has a right to relief against Hartford as to health insurance benefits. Thus, Count 4 fails to state a claim on which relief can be granted.[2]

Accordingly, the Court **GRANTS** Hartford's motion (Doc. 19) and **DISMISSES** Count 4 of the complaint, thereby **DISMISSING** Hartford as a named Defendant herein (Count 4 was the only claim against Hartford). The unopposed motion requested, and the Court hereby **DIRECTS**, that dismissal be <u>with prejudice</u>. However, the Court declines at this time to grant Hartford's request for an award of costs (*see* Doc. 2, p. 4). Claims remain herein as to Defendant Wal-Mart. When those claims are resolved and judgment has been entered, Hartford may seek to recover costs via the appropriate motion or bill of costs, as provided under Federal Rule of Civil Procedure 54(d) and Local Rule 54.2 of this District Court.

IT IS SO ORDERED.

DATED this 19th day of October 2007.

> s/ Michael J. Reagan
> MICHAEL J. REAGAN
> United States District Court

---

[2] Bearing note is the fact that Clendenny failed to file any memorandum opposing Hartford's dismissal motion, despite being specifically advised of the deadline for doing so by Court Order of August 24, 2007 (Doc. 25). Any such response was due 25 days ago.